## STANDARD MATCH CORPORATION v. BELL MACH. CO.

### No. 5533.

Circuit Court of Appeals, Seventh Circuit.

April 13, 1936.

Henry Gifford Hardy and Whitman Taylor, both of Chicago, Ill., for appellant.

S. L. Wheeler, of Milwaukee, Wis., for appellee.

Before EVANS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

EVANS, Circuit Judge.

Appellant brought suit against appellee to enjoin it from threatening the former's customers with suits for infringement of a patent. Appellee denied improper conduct and joined in its answer a counterclaim which charged appellant with infringement of its design patent, No. 93,757. The court, at the conclusion of the trial, dismissed appellant's bill and entered a decree for appellee on its counterclaim. From this decree, appellant appeals.

Appellant's complaint was dismissed for failure of proof to support it. Affirmance of this part of the decree may well be made with discussion limited to one question. Appellant argues that the rights of the parties were determined by a former decree entered in a suit by the same court upon stipulation of the parties. As bearing on this defense it appears that appellee had notified some of appellant's customers that certain match holders by them sold would infringe a patent which would soon be issued; that the majority of claims of said patent application had already been allowed by the Patent Office. Charges and counter charges of unfair methods of trade were made by the parties. The litigation did not proceed to trial, but the parties stipulated and the court directed that the suit be dismissed *with prejudice.*

We fail to see anything in the pleadings or in the stipulation or in the decree which precluded either party, save on the matter of damages arising out of alleged unfair methods of trade prior to the termination of the first suit.

The appeal from the decree in appellee's favor in the instant suit turns upon the validity and infringement of appellee's design patent. A dismissal of a suit between the same parties, wherein the issue was unfair methods of trade, and which suit was dismissed by the stipulation of the parties with prejudice, could not possibly be a bar to a subsequent suit brought by one of the parties who had, after the date of the dismissal, secured a design patent and who charged his adversary with infringement thereof.

This brings us to the vital question in the case, viz., the question of validity and infringement of the design patent.

The single claim of the patent reads as follows:

"The ornamental design for a match holder display as shown."

The "display as shown" is herewith reproduced.

The evidence warrants the finding that appellee designed the match holder described in the patent, introduced it to the

trade, where it was promptly recognized as unique and was favorably received by the public. There was some evidence of confusion of the match holders produced by the two companies. Appellee called its, "Match Buds." Appellant chose the name "Match Plants." For a time appellant sold a type of its match holder, called "Potted Lights," but discontinued making and selling them in an effort to avoid litigation with appellee.

■■ *Infringement.* There can hardly be any question about infringement.

Due to the coverage of a design patent —to the fact that the patent is intended to protect an article which is ornamental and its saleability dependent on the pleasing effect of its novel ornamentality, the test of infringement must be the effect produced upon the eye of a prospective purchaser who for the first time sees the two articles and is pleased to the point of buying. Would such a prospective purchaser be confused by the similarity of the two match holders?

One lay witness testified to her confusion.

The District Court found:

"The design of Plaintiff's product aforesaid is calculated to be confused and has been confused with the design of Defendant's product as previously marketed and embodying the subject matter of said patent D-93,757."

The same impression has been made upon the members of this court. We agree with the District Court that confusion is unavoidable and that infringement was shown.

■ Upon the question of validity, the discussion will be brief. In view of what was said in Wahl Clipper Corporation v. Andis Clipper Co., (C.C.A.) 66 F.(2d) 162, we would have been better satisfied if the parties had furnished us with more complete and detailed evidence of the public's reception of these bibelots. Whether a design which is novel and ornamental is entitled to coverage by a design patent depends to a large degree upon the reception which those for whom it is made, accord it. If pleasing to the eye and acceptable to the trade as evidenced by extensive sale, we would naturally be inclined to uphold it. In so doing we are not delegating judicial powers to others, but rather applying a test of patentability. In short, we are answering the question—Is the design so unique and winning in appearance as to entitle its originator to recognition as an inventor?

In the instant case the evidence is not as satisfactory as it might be. There is, however, an admission, the scope of which is disputed, from which it is not easy to escape.

■ Evidence of extensive sales, following the introduction of a patented article, to be impressive, should be shown to be due to the novel features for which the patent was issued. If extensive sales merely evidenced extensive advertisement or the withdrawal of another article and the substitution of the one covered by the patent, such evidence loses its convincingness. However, the evidence throughout the record suggests that the inventor hit upon a happy idea when he designed this match holder. In other words, the article was extensively sold because of its novel and ornamental features, which intrigued the eye and caught the fancy of a prospective purchaser.

On this issue, the District Court found:

"Articles embodying the design of said patent D-93,757 have met with outstanding commercial success and have been sold in large quantities throughout the country."

While this finding is attacked because unsupported by evidence, we think the exception unsustainable.

The stipulation (statements of counsel) of the parties either required appellant to restrict and limit the effect of its stipulation or to accept it with all its implications.

The decree is affirmed.