## S. DRESNER & SON, Inc., v. DOPPELT et al.
### No. 7233.

Circuit Court of Appeals, Seventh Circuit.
May 22, 1941.

Geo. I. Haight, M. K. Hobbs, and Max Richard Kraus, all of Chicago, Ill., for appellants.

Ephraim Banning, Laurence I. Wood, and George A. Chritton, all of Chicago, Ill., for appellee.

Before SPARKS and TREANOR, Circuit Judges, and BRIGGLE, District Judge.

SPARKS, Circuit Judge.

Appellee initiated this action in the District Court for declaratory relief against appellants. The relief sought was invalidation of appellants' design patent to Doppelt, No. 106,132, and a decree that such patent was not infringed by appellee's design for a bag for toilet articles. Appellants counterclaimed with a charge of infringement and unfair competition, and prayed that their patent be held valid and infringed.

The District Court held that the patent was invalid for lack of invention over the prior art, and that there had been no unfair competition by appellee. The only error relied upon by appellants is the failure of the District Court to find their patent valid.

The District Court was of the opinion that nothing more than the skill of the average or ordinary designer, with the prior art before him, would be required to make the design of the patent in suit. Hence it held that invention was not involved. It was of the further opinion that everything in the design of the patent was found in Doppelt's earlier design patent, No. 101,439; and that the maker of the design shown in the patent in suit did not have to go outside the earlier design to produce the design shown in the patent before us.

The correctness of the District Court's holding of invalidity depends upon the nature of the statutory test for "invention"

which is applicable to a design patent. Appellants contend that the test of invention in the field of design patents is not the same as that applied in the field of mechanical patents, and without suggesting an exclusive test for invention in design, they place reliance in this case upon the producing of a "new and ornamental design" which has received the sanction of the Patent Office and also the approval of the purchasers of the commodity, and the compliment of imitation by a competitor.

The first statute protecting designs was enacted in 1842, providing for the issuance of a patent to one "who by his * * * own industry, genius, efforts, and expense, may have invented or produced any new and original design for a manufacture * * * or any new and original shape or configuration of any article of manufacture * * *." 5 Stat. 544. This language was repeated in 1861. 12 Stat. 248. The Act of 1870 provided that "Any person who, by his own industry, genius, efforts, and expense, has invented or produced any new and original design for a manufacture * * * or any new, useful, and original shape or configuration of any article of manufacture * * * may * * * obtain a patent therefor." 16 Stat. 209. In 1902, the present statutory provision was enacted to provide for issuance of a patent to any person who has invented any new, original, and ornamental design for an article of manufacture. 35 U.S.C.A. § 73.

■ By the terms of the present Act patentable design for an article of manufacture must be characterized by an invention of a new, original and ornamental design. The mere production of such a design is not sufficient. The word "produced" which appeared in the earlier enactments has disappeared from the present Act, and there is no authority to substitute it for the word "invented," and thereby qualify the usual concept of invention. However, the words "invented" and "new" and "original" must be construed together in applying the usual rule that there must be an exercise of inventive genius, which precludes the grant of patent monopoly upon the exercise of mere skill of an ordinary designer who is chargeable with knowledge of the prior art.

Appellants have cited cases to the effect that a design is patentable if it produces a new and pleasing impression. See Wood & Sons v. Abelson's, Inc., 3 Cir.,

74 F.2d 895; Boyle v. Rousso, 8 Cir., 16 F.2d 666. They place particular stress on the language in Gorham Mfg. Co. v. White, 14 Wall. 511, 525, 81 U.S. 511, 20 L.Ed. 731. In that case the Acts of 1842 and 1861 were involved, and there was no question of patentability, the sole question being whether there had been infringement. The Court stated in discussion of what constitutes identity of design and infringement: " * * * the thing invented or produced, for which a patent is given, is that which gives a peculiar or distinctive appearance to the manufacture, or article to which it may be applied, or to which it gives form. The law manifestly contemplates that giving certain new and original appearances to a manufactured article may enhance its salable value, may enlarge the demand for it, and may be a meritorious service to the public. It therefore proposes to secure for a limited time to the ingenious producer of those appearances the advantages flowing from them. * * To speak of the invention as a combination or process, or to treat it as such, is to overlook its peculiarities. * * * We do not say that in determining whether two designs are substantially the same, differences in the lines, the configuration, or the modes by which the aspects they exhibit are not to be considered; but we do think the controlling consideration is the resultant effect."

■ The conclusion of the Court to which the prior language was directed, explains such prior language. It is similarity in the peculiar or distinctive appearance which constitutes infringement rather than identity in the details producing such appearance. Bearing in mind that no question of patentability was involved, and that the Court was seeking to indicate that the thing patented was the resulting appearance rather than the precise method of producing such appearance, so that infringement could exist without copying minutely, the statements of the Court above quoted do not support a conclusion contrary to the rule above stated, that exercise of the inventive faculty is required and that the skill of the ordinary designer acquainted with or chargeable with knowledge of the prior art is not patentable.

If there were any doubts about the proper construction of the Gorham case, and about the proper rule, they are resolved by a later case, Smith v. Whitman Saddle Co., 148 U.S. 674, 13 S.Ct. 768, 770, 37

L.Ed. 606. This latter case involved the Act of 1870. The Court referred to and quoted from the Gorham case, and then stated: "But as remarked * * * in Northrup v. Adams, 12 O.G. 430, * * * the law applicable to design patents 'does not materially differ from that in cases of mechanical patents * * * To entitle a party to the benefit of the act, in either case there must be originality, and the exercise of the inventive faculty. In the one there must be novelty and utility; in the other, originality and beauty. Mere mechanical skill is insufficient. There must be something akin to genius.—an effort of the brain as well as the hand. The adaptation of old devices or forms to new purposes, however convenient, useful or beautiful they may be in their new role, is not invention.' * * * The exercise of the inventive or originative faculty is required, and a person cannot be permitted to select an existing form and simply put it to a new use any more than he can be permitted to take a patent for the mere double use of a machine. If, however, the selection and adaptation of an existing form is more than the exercise of the imitative faculty and the result is in effect a new creation, the design may be patentable."

In Strause Co. v. Crane Co., 2 Cir., 235 F. 126, 131, it is stated, "the test for invention is to be considered the same for designs as for mechanical patents; i. e., was the new combination within the range of the ordinary routine designer?" In Knapp v. Will & Baumer Co., 2 Cir., 273 F. 380, and again in Kanné & Bessant v. Eaglelet Co., D.C., 54 F.2d 131, the court stated, "* * * design patents stand on as high a plane as utility patents, and require as high a degree of exercise of the inventive or original faculty * * *." To the same effect is 1 Walker on Patents (Deller's Ed.) p. 59. In re Staun, 53 F.2d 545, 546, the Court of Customs and Patent Appeals laid down as the test "* * * does the new creation amount to invention?" And the court, in holding the design there involved unpatentable, stated, "Popularity and successful sales alone are not enough to sustain a patent."

In a recent case, Neufeld-Furst & Co. v. Jay-Day Frocks, Inc., 2 Cir., 112 F.2d 715, 716, the court stated, "* * * more is required for a valid design patent than that the design be new and pleasing enough to catch the trade; it must be the product of 'invention,' by which is meant that conception of the design must demand some exceptional talent beyond the skill of the ordinary designer. * * * 'we are obliged to determine * * * whether the design in question is original and æsthetic and involved a step beyond the prior art requiring what is termed "inventive genius." ' " In this case the court held the patent (on a design for a dress) invalid because it was merely a combination of the salient features of the prior art even though it "produced a dress of new and pleasing appearance which caught the fancy of the purchasing public * * *."

In Western Auto Supply Co. v. American-National Co., 6 Cir., 114 F.2d 711, 712, the court applied the same rule, stating, "When the idea is adapted or derived by analogy from prior usage, or when it is embodied in a design resembling the prior art in general appearance or central theme, there is no patentable invention. * * * As we entertain no doubt as to the invalidity of appellee's patent, there is no occasion to consider appellee's claim that his wagon 'met with immediate success.' "

■ This court, in Battery Patents Corp. v. Chicago Co., 7 Cir., 111 F.2d 861, followed the rule that the law applicable to design patents does not differ from that governing mechanical patents, holding that while the patent there was of pleasing effect and met with noteworthy commercial success, it was, nevertheless, invalid. That is to say, as the court said in Nat Lewis Purses v. Carole Bags, Inc., 2 Cir., 83 F.2d 475, that "invention" in design patents means the same exceptional talent that is required for a mechanical patent, so that the fact that the design "may have been new and pleasing enough to catch the trade" is not alone enough. The factor of inventive genius must be present. The Court of Appeals for the Second Circuit has also put it this way: "A design is not patentable merely because it can be distinguished in appearance from prior designs. Its creation must involve the exercise of inventive faculty." Berlinger v. Busch Co., 48 F.2d 812, 813.

■ We think the District Court properly held the Doppelt Design Patent, No. 106,132, invalid, and that appellee was not guilty of unfair competition.

TREANOR, J., sat in this case and participated in all conferences with relation to it. There was no disagreement as to any principle or conclusion set forth in the

above opinion, but he died before the opinion was prepared.

Decree affirmed.