## HUETER v. COMPCO CORPORATION.
### No. 10004.

United States Court of Appeals
Seventh Circuit.

Feb. 3, 1950.

George E. Kirk, Toledo, Ohio, Franklin M. Warden, Chicago, Ill., Fred S. Lockwood, Chicago, Ill., for plaintiff-appellant.

Horace Dawson, Dugald S. McDougall, Chicago, Ill., for defendant-appellee.

Before MAJOR, Chief Judge, and KERNER and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This action was brought to restrain alleged infringement of a design patent, to restrain unfair trade practices and to recover damages.

The lower court found that the patent was invalid for lack of invention and that

the defendant's device did not infringe plaintiff's patent. Judgment was entered accordingly and from that judgment the plaintiff brings this appeal.

The patent, Design Patent No. 152475, covers the design for an "article holding guard or the like" under a single claim which reads: "The ornamental design for an article holding guard or the like as shown and described." The drawing of the patented design was a straight, plain and unadorned front bar, the length of which is approximately seven times its width, with straight wings of the same width at each end which were a little less than one-fourth the length of the front bar. The wings extend back from the front bar at an angle of about 45 degrees. No ornamentation of any kind is shown on either the front bar or on the wings. The only possible claim for the design being considered as ornamental must be found in the proportion of the length and width of the front bar and wings and in the angle at which the wings extend backward from the front bar.

The use of the device, which plaintiff claims is protected by his design patent, is as a guard or holder to keep articles from sliding off a flat horizontal surface. Plaintiff markets his products under the trade-mark "Dashpal" and trades under the trade name "Dashpal Company", but he insists that this is just an arbitrary name since the device can be used on any flat surface. The record leaves no doubt, however, that the principal use of the device is on the dashboard of an automobile as a guard or container for small articles.

The court below found that "the shape and configuration of the structure shown in the patent drawing are not ornamental but are dictated by functional requirements rather than by those of design. Such shape and configuration fail to exhibit creative artistry and show nothing suggesting the exercise of invention in the creation of a design." The court, therefore, held that the defendant's patent was invalid for lack of invention and that even if said patent were treated as valid it was not infringed by defendant's device.

Plaintiff's action was dismissed on the merits for want of equity insofar as it sought relief for the infringement of plaintiff's patent.

■ The statute covering design patents, 35 U.S.C.A. § 73, provides that: "Any person who has invented any new, original, and ornamental design for an article of manufacture, not known or used by others in this country before his invention thereof * * *" may obtain a patent therefor.

The purpose of the design patent law is to promote the decorative arts and to stimulate the exercise of inventive faculty in improving the appearance of articles of manufacture. Applied Arts Corporation v. Grand Rapids Metalcraft Corporation, 6 Cir., 67 F.2d 428; In re Eppinger, 94 F. 2d 401, 25 C.C.P.A., Patents, 843.

■ A patentable design must be new, original and ornamental. To entitle one to the monopoly of the use of such a design it must demonstrate an exercise of inventive genius. The exercise of the skill of only an ordinary designer is not sufficient. S. Dresner & Son, Inc., v. Doppelt, 7 Cir., 120 F.2d 50, Smith v. Whitman Saddle Co., 148 U.S. 674, 13 S.Ct. 768, 770, 37 L.Ed. 606.

In the latter case Mr. Chief Justice Fuller said, "The exercise of the inventive or originative faculty is required, and a person cannot be permitted to select an existing form, and simply put it to a new use, any more than he can be permitted to take a patent for the mere double use of a machine."

■ The courts have many times held that a purely functional design or one dictated by mechanical or functional requirements is not patentable. Circle S Products Co. v. Powell Products, Inc., 7 Cir., 174 F.2d 562; Smith v. Dental Products Co., Inc., 7 Cir., 140 F.2d 140, 153.

So in the instant case we are of the opinion that the lower court was correct in its finding that the shape and configuration of the structure of the plaintiff's design were not ornamental but were dictated by functional requirements rather than by those of design; and that such

shape and configuration failed to exhibit creative artistry and show nothing suggesting the exercise of invention. Consideration of the use for which plaintiff's device was designed dictated a front bar for the holder in order to keep articles from falling off the front side of the dashboard, and the wings were likewise necessary to prevent the articles from sliding sidewise and falling to the floor. The purpose and available space for placing the device necessarily dictated the approximate length and width of the front bar and of the wings. It would seem that even a child, building a fence on a dashboard to contain articles, would have arrived at approximately the same result.

The plaintiff's attorney in the trial below, in comparing the device designed by plaintiff to a rail fence, said: "Instead of having a bunch of rails, he has it out of alignment to give rigidity. It is functional and has utility."

■ Counsel for plaintiff seems to have been under the impression that the appeal of this device to the public was sufficient to make it patentable. At page 36 of the record Mr. Kirk, the attorney for the plaintiff, said: "We have gone into a new field where there was nothing there before, and put in a device which has artistic merit in that it has the appeal to the trade"; and again at page 16, when asked by the court what there was new or ornamental about the device, he replied, "Its appeal, its appeal to the trade."

The stipulated testimony of two of the plaintiff's witnesses indicated that plaintiff's device had public appeal, but the testimony of both of these witnesses indicated that the public appeal was for the utility of the device and not because of the design for which plaintiff had been given a patent. The first of these witnesses, Murray, said: "Prior to the introduction of Mr. Hueter's device, I had never seen any article which was suitable for the use for which the 'Dashpal' was designed." The second witness, Dawson, said: "It was

an item which entered a field that so far as I know was undeveloped."

■ This court recognized the importance of a wide public reception of an article as a factor in determining whether a particular design is entitled to coverage by a design patent, but pointed out that for such evidence to be impressive it should be shown that the public acceptance of the article was due to the novel design for which the patent was issued. Standard Match Corporation v. Bell Mach. Co., 7 Cir., 83 F.2d 365.

■ In a close case evidence of the commercial success may tip the scales in determining whether an improvement amounts to an invention. Goodyear Tire & Rubber Co., Inc., et al. v. Ray-O-Vac Co., 321 U.S. 275, 279, 64 S.Ct. 593, 88 L.Ed. 721. But while commercial success indicating public appeal may be used to resolve a doubt in favor of a patentee, it cannot be used to create a doubt where there is lack of invention. As this court said in Battery Patents Corporation v. Chicago Cycle Supply Co., 7 Cir., 111 F. 2d 861, 863, "Extensive use has its appeal, but it does not supply all the evidence necessary to the essential element of invention,—original creation." In Jungersen v. Ostby & Barton Co., 335 U.S. 560, 567, 69 S.Ct. 269, 272, 93 L.Ed. ——, the Supreme Court said, "Where, as here, however, invention is plainly lacking, commercial success cannot fill the void."

So in the instant case, even if the evidence had shown that the patented design of plaintiff, instead of the utility of the device, had a strong public appeal, and had met with commercial success, such evidence could not have made plaintiff's patent valid.

■ Since we believe that the lower court was correct in the finding and holding that plaintiff's patent is invalid for lack of invention apparent on its face, we think it unnecessary to discuss or decide the issue of infringement.

The judgment is affirmed.