**TUPPER CORP. v. TILTON & COOK CO.**

Civ. No. 52-1001.

United States District Court
D. Massachusetts.

July 1, 1953.

Samuel Seder and Seder & Seder, Worcester, Mass. (Alexander Mencher, New York City, of counsel), for plaintiff.

Melvin R. Jenney, Richard R. Hildreth, Kenway, Jenney, Witter & Hildreth and David Greer, Boston, Mass., for defendant.

FORD, District Judge.

This is an action for patent infringement in which the defenses are invalidity of the patent and non-infringement. The patent in suit, Des. 144,528, is a design patent for a combined cigarette and match case, issued to Earl S. Tupper on April 23, 1946 and assigned by him to the plaintiff corporation.

The case disclosed in the patent is composed of two parts, a lower member into which can be placed a package of cigarettes and a book of matches, and a cover member which telescopes over the lower member. In general configuration the lower member is a hollow rectangular container of a size to fit a regular size package of cigarettes with the front wall bulging or protruding sufficiently to form a substantially rectangular compartment for the book of matches. The cover is of the same general shape, being slightly larger so that it will slide down outside the wall of the lower part. When either of these members is looked at in horizontal cross-section, the walls form the outline of a squat letter T. As to lesser details, the corners and junctions of the two members are rounded, the base

member has a peripheral ledge integral with it and slanting outward from it, on which the cover member rests when the case is closed, so that the cover appears to merge with the base. The cover is also slightly tapered. There is a slightly elevated ridge or bar extending horizontally part way across the front and back of the cover member. This design as shown in the patent is represented almost exactly by the plastic "Sport" case manufactured by plaintiff.

Plaintiff also makes a plastic cigarette and match case known as the "King" which differs from the "Sport" in that the sloping stop ledge on the base is omitted and the cover has no taper and is longer, so that the case will hold either a regular or a king size pack.

The "Sport" case has been marketed by plaintiff through regular commercial channels. Its sales in recent years have diminished year by year. The "King" case is sold through house parties as are most of plaintiff's line of household items and sales have increased year by year.

Since April 1952 defendant has manufactured and sold combined cigarette and match cases which are alleged to infringe plaintiff's patent. These cases in their general contour resemble those of plaintiff, being composed of telescoping members with a protruding match compartment in front. They differ in numerous details, not having the tapered cover or the peripheral tapered ledge found in the "Sport" case, and having slightly raised ridges on the outer wall of the component parts.

The essential features on which plaintiff relies in contending that it has a patentable design are set forth in its proposed findings of fact, as follows:

"13. The main design motif and toute ensemble of the patent resides in the design of a combined cigarette and match case wherein the substantially rectangularly-shaped match compartment protrudes from the front wall of the cigarette compartment, has overlapping portions at a horizontal split intermediate the height and has side and top frame elements furnished by the front wall of the cigarette compart-

ment which also has overlapping portions at a horizontal split intermediate the height, the splits of the match compartment and the cigarette compartment being continuous.

"13a. The toute ensemble of the design in issue produces a new and pleasing impression on the aesthetic sense; namely, a symmetrical twin-formed case wherein the cigarette case portion in front view is the silhouette in outline of the outline of a forward projecting match case taken from the same ground level and wherein the perimetric shape of the combined cigarette and match case substantially is that of the letter T formed by spaced walls curved at the junctions."

The idea of a case with a telescoping cover is not new, as plaintiff concedes. Such cases have long been made of various materials to hold cigars and cigarettes as well as many other products. The idea of a compartment protruding from the front of a cigarette case to hold a book of matches was found in Olsen's patent 1,495,872. The idea of a ledge extending outward from the base to serve as a stop for a telescoping cover was shown in Brown patent 2,370,005 for a toothbrush and dentifrice holder. These were mechanical rather than design patents, but they show that the various elements of the Tupper case, at least as functional elements were old in the art.

The essential question is whether the particular combination of elements used by Tupper produced a new and ornamental design which showed invention over the prior art, S. Dresner & Son, Inc. v. Doppelt, 7 Cir., 120 F.2d 50, 51, and also one which was primarily ornamental, rather than a design dictated by the functional and mechanical requirements of the subject matter. Hueter v. Compco Corp., 7 Cir., 179 F.2d 416, 417.

The general shape and configuration of the Tupper case is clearly one dictated by functional requirements. Given the problem of designing a container for a pack of cigarettes and a book of matches, the obvious and natural result would be a case following the general configuration of the

cigarette package with a bulge on one side of the size and shape necessary to allow the book of matches to be placed therein. It certainly would show no inventive genius to center this bulge on the side of the case from which it protrudes. The result would necessarily be the formation of a container which in cross-section would have the configuration of a letter T, and in which the main body of the case, being larger than the bulge, (since the package it is to hold is larger than the book of matches) would form a frame for the bulge. Thus the essential features on which plaintiff relies as producing the new and pleasing aesthetic impression are merely the natural results of the functional elements of the Tupper case.

The case is made with a telescoping cover, and the nature of such a cover requires that it be of the same shape in cross-section as the base over which it is to fit, and also that it be slightly larger than the base. Hence, there is naturally a horizontal split intermediate the height of the case marked by an overlapping of the cover. Of course, the idea of having the cover extend only part way down the base, rather than all the way to the bottom is in one sense functional, since it is dictated by the mechanical consideration of how far down the cover needs to be extended in order to fit securely on the base. In any case, it is a familiar feature of telescoping covers, shown in such cigarette case patents as those of Mangan, 1,685,765, and Foster, Des. 139,469.

The peripheral ledge of the Tupper case seems to be primarily functional. Insofar as it is designed with an outward slope from the body of the base in order to produce an aesthetic effect, it is substantially the same as the ledge shown in the Brown patent, supra. The bars or ridges on the front and back of the cover, and the slight tapering of the cover are minor details which add little to the general aesthetic impression. Moreover, these bars seem to be designed to afford a better grip on the cover and hence are functional rather than ornamental.

Whatever commercial success plaintiff's products have enjoyed cannot make valid a patent otherwise clearly shown to be invalid. Hueter v. Compco Corp., supra, 179 F.2d at page 418.

The conclusion must be that the Tupper design patent in suit is invalid because it fails to show invention over the prior art and because the essential features of the design disclosed are dictated by the functional requirements of the object designed rather than by ornamental or decorative inventiveness.

In view of the finding of invalidity, consideration of the issue of infringement is unnecessary.

Judgment for defendant.