SANTA'S WORKSHOP, INC., Respondent, *v.* JOSEPH STERLING, Doing Business as STERLING ALASKA FUR AND GAME FARMS, Appellant.

Third Department, July 2, 1953.

*Charles Gold* and *Mortimer J. Metchik* for appellant.

*F. Walter Bliss* and *Robert H. Ecker* for respondent.

*Per Curiam.* Plaintiff alleges that it operates an extensively advertised business, known as Santa's Workshop, on White Face Mountain. Defendant operates two places of business nearby, and, plaintiff alleges, is copying and imitating its place of business to its detriment and in unfair competition.

While it is undoubtedly true, as appellant urges, that respondent is not entitled to the exclusive use of the historical and legendary figure known as " Santa Claus," the complaint with which we are dealing alleges a unique design of that figure associated with other figures and characters, and widely advertised, which, it is claimed, the defendant has copied.

The complaint alleges, among other things, that the defendant's conduct " tends to and does deceive the public, injures the plaintiff's good will, falsely imports a connection or relationship between plaintiff's and defendant's business," and " simulating and aping that of the plaintiff's," and that the defendant by his conduct is " palming off his place of business as that of the plaintiff, and he has done so." It is also alleged that defendant has mimicked plaintiff's ideas, and " plagiarized " plaintiff's advertising.

The law of unfair competition no longer requires that plaintiff's business and advertising shall have acquired a " secondary meaning." (*International News Service* v. *Associated Press,* 248 U. S. 215, 235, 237; *Hanover Milling Co.* v. *Metcalf,* 240 U. S. 403.) " The controlling question in all cases where the

equity power of the courts is invoked is whether the acts are fair or unfair, according to principles recognized in equity ''. (*Oneida, Ltd.* v. *National Silver Co.,* 25 N. Y. S. 2d 271, 276. See, also, *Avon Periodicals* v. *Ziff-Davis Pub. Co.,* 113 N. Y. S. 2d 737, affd. 282 App. Div. 200.)

Assuming, as we must, the truth of all of the allegations of the complaint, and reasonable inferences to be drawn therefrom, we think the complaint states a cause of action and should be sustained as a pleading.

The order should be affirmed, with $10 costs.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Order affirmed, with $10 costs.