**Ralph F. MATARAZZO, Plaintiff,**

v.

**Albert ISABELLA, Carmine Albanese,
d/b/a Saf-Way Packaging Co.,
Defendant.**

**Civ. A. No. 1617.**

United States District Court
D. Rhode Island.

Jan. 30, 1956.

Herbert B. Barlow, Providence, R. I.,
for plaintiff.

Elliot A. Salter, Raymond A. LaFazia,
Providence, R. I., for defendant.

DAY, District Judge.

This is a suit for the alleged infringement of the plaintiff's Patent No. 2,420,-322 for "Preserving Peeled White Potatoes" and for the alleged infringement of his Trade Mark Certificate No. 433,-158 for the word "Sta-Wite" for raw peeled potatoes. He seeks a permanent injunction against further infringement by said defendants of said patent and trade mark and an accounting for profits and damages.

The plaintiff alleges that he is the owner of said patent and trade-mark and that the defendants infringe said patent by employing the methods set forth therein. He also alleges that the defendants have adopted and used the mark Sta-White on bags containing raw peeled potatoes and are distributing them so marked in this district and in interstate commerce which use is an infringement of his trade-mark.

The defendants in their answer deny infringement by them of plaintiff's patent and trade-mark. They also allege therein that plaintiff's patent is invalid because of prior invention by others and because of prior public use.

The plaintiff's patent covers a process preventing the discoloration of peeled white potatoes, and contains three claims. During the trial plaintiff sought to establish infringement by the defendants of claims 1 and 2 thereof. They are as follows:

"1. The process of preserving peeled white potatoes and preventing discoloration thereof comprising coating the peeled potatoes throughout their exposed peeled portions with an aqueous cooled solution having $SO_2$ in concentration of about .5 to 6.0%, the temperature of the solution being maintained above freezing, enclosing the coated potatoes in a closed container, and maintaining the enclosed contents under refrigeration above freezing.

"2. The process of preserving peeled white potatoes and preventing discoloration thereof comprising cooling the peeled potatoes, coating the peeled potatoes throughout their exposed peeled portions with an aqueous cooled solution having $SO_2$ in concentration of about .5 to 6.0%, the temperature of the solution being maintained above freezing, enclosing the coated potatoes in a closed container, and maintaining the enclosed contents under refrigeration above freezing."

The evidence established that the defendants' process which is claimed to infringe plaintiff's patent consists of the following steps: (1) potatoes without being cooled below room temperature are peeled by a conventional abrasive machine with water from a faucet or tap running continuously on them during this step; (2) the peeled potatoes are then dipped in a solution of sulphur dioxide; (3) no refrigeration coils or ice are used to maintain the defendants'

solution slightly above freezing; (4) the potatoes are then removed from the solution and are eyed by hand; (5) the potatoes are then dipped in a second tank identical to the first dip and comprising the identical solution; the duration of this dip is three minutes but no means are employed to cool the solution; (6) the potatoes are removed from the second tank and bagged. Defendants insist no attempt is made to make these bags airtight, although they admit that a wire is wound about the top of the bag to prevent spillage of the contents. They likewise produced credible testimony that the bagged potatoes were not put under refrigeration and were immediately shipped to customers. They did admit, however, that on occasions bagged potatoes remaining on their premises at the end of the day's operations were stored over night in their refrigerator. Defendants also insist that the concentration of $SO_2$ in their dipping solution was .49% or less than that prescribed in plaintiff's patent.

■■ Although the plaintiff's patent contains three claims, plaintiff contends that only claims 1 and 2 are infringed. The question of whether or not there is infringement must be decided with reference to these claims which for the purpose of this case "measure the invention" for it is in the claims that the inventor has set forth his own statement of what is his invention. White v. Dunbar, 119 U.S. 47, 7 S.Ct. 72, 30 L.Ed. 303. And in the interpretation of the claims of a patent resort is to be had to the specifications, the file wrapper of the patent and to the proceedings in the Patent Office in connection with the application and issuance of the patent. R. M. Hollingshead Co. v. Bassick Mfg. Co., 6 Cir., 73 F.2d 543, Bassick Mfg. Co. v. R. M. Hollingshead Co., 298 U.S. 415, 56 S.Ct. 787, 80 L.Ed. 1251; B. B. Chemical Co. v. Cataract Chemical Co., Inc., 2 Cir., 122 F.2d 526; Criner v. Micro-Westco, Inc., 8 Cir., 139 F.2d 681.

Claim 1 is for a process comprising the coating of the peeled potatoes throughout their exposed peeled portions

with an aqueous "cooled" solution having $SO_2$ in concentration of about .5 to 6.0%, "the temperature of the solution being maintained above freezing." In the light of the specifications, column 2, lines 36 to 40, I am satisfied that the plaintiff's process comprises positive cooling of the solution to keep the temperature thereof just above freezing.

The specifications and file wrapper also indicate the proper interpretation to be given to the words "enclosing the coated potatoes in a closed container." In the patent specifications, column 2, lines 41 to 47 the language is:

"The third essential is to minimize, so far as possible, the access of air to the potatoes after immersion. To this end, the potatoes, when thus coated and refrigerated, are packed as closely as possible in a closed container which shall limit the effect of the oxygen in the air on the coating which has been applied to the potatoes."

According to the plaintiff in his deposition, his process requires that the container be as airtight as possible to prevent evaporation and that after being packed the peeled potatoes are to be refrigerated. It is clear that it is an essential part of the plaintiff's process to limit the access of air to the potatoes after coating and to refrigerate them immediately.

After considering all of the evidence and the reasonable inferences to be drawn therefrom, I do not believe that the plaintiff has established by a fair preponderance of the evidence that defendants' process infringes the plaintiff's patent. It is true that they do utilize the principle, well known before the grant of plaintiff's patent, that a sulphur dioxide dip will serve to aid in the preservation of fruits or vegetables. However, in my mind it is clear that they do not employ a solution that is cooled by any active means and do not maintain a solution just above freezing as called for in the plaintiff's process. Furthermore, they do not refrigerate the treated potatoes after they have been packaged. Nor can it be fairly said that the potatoes after being dipped are placed in a closed container within the fair interpretation to be given to those terms as used in claims 1 and 2 of plaintiff's patent.

In a patent such as the plaintiff's every ingredient or element is presumed to be material. The omission of any one ingredient or element is enough to avert a charge of infringement even if the omitted ingredient or element is not essential to the process. Prouty and Mears v. Ruggles, 16 Pet. 336, 10 L.Ed. 985; Anthony v. Sherman, 4 Cir., 159 F. 2d 995; Steigleder v. Eberhard Faber Pencil Co., D.C.Mass., 81 F.Supp. 143.

Finding, as I do, that the defendants' process does not infringe the plaintiff's patent, his prayer for a permanent injunction against defendants enjoining them from further employing their process is denied. Since infringement of the plaintiff's patent has not been shown, it is not necessary for me to inquire into its validity.

With respect, however, to the plaintiff's claim of trade-mark infringement, the evidence is clear that the defendants have employed the mark or brand of Sta-White on their product. Although no evidence was offered of actual instances of confusion in the purchase of preserved raw peeled potatoes, the test is whether there is a deceptive similarity which would be likely to induce purchasers to purchase the defendants' product believing it to be plaintiff's. Queen Mfg. Co. v. Isaac Ginsberg & Bros., Inc., 8 Cir., 25 F.2d 284; Ph. Schneider Brewing Co. v. Century Distilling Co., 10 Cir., 107 F.2d 699; Seven Up Co. v. Cheer Up Sales Co., 8 Cir., 148 F.2d 909.

I am of the opinion that the mark Sta-White on the defendants' product is deceptively similar to plaintiff's trade-mark "Sta-Wite" and that an ordinary purchaser buying under the usual conditions in the trade and exercising ordinary care would likely be induced to

buy the product bearing the defendants' mark believing it to be the plaintiff's. I believe that confusion would result in the trade and that the continued use by the defendants of their mark would be injurious to the plaintiff.

The plaintiff is entitled to a permanent injunction enjoining the defendants from using the mark Sta-White on their product. Plaintiff is also entitled to an accounting for all profits which have accrued to the defendants from its use and to such damages as he may be able to establish as resulting therefrom. Such accounting of profits and determination of damages in my opinion are appropriate matters for reference to a master under Rule 53 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and will be so referred. If the parties cannot agree on a form of order for such reference, a motion for the entry of a proper order should be filed by the plaintiff.