**Arthur Kenyon JONES**
v.
**PROGRESS INDUSTRIES, Inc.**
Civ. A. No. 2203.

United States District Court
D. Rhode Island.
July 9, 1958.

Herbert B. Barlow, Providence, R. I., for plaintiff.

Nelson J. Conlong, Providence, R. I., Arthur D. Thomson, Boston, Mass., for defendant.

DAY, District Judge.

This is a suit for the alleged infringement of plaintiff's Patent No. 2,598,265 for the construction of a Goggle and of his Design Patent No. 166,257 for a design for a Goggle Front. In his complaint plaintiff alleges that after notice the defendant has infringed both of said patents by making and selling a goggle bearing the name "Savue" within this district. He seeks a permanent injunction against further infringement and the costs of this action.

In its answer the defendant denies any infringement, denies that said patents were duly and legally issued and asserts that both of said patents are invalid and void for lack of novelty and invention over the prior art represented by the patents and prior trade publications set

---

2. Rudd v. United States, 7 Cir., 1943, 138 F.2d 745.

3. The Lottawanna, 1874, 20 Wall. 201, 224, 225, 87 U.S. 201, 224, 225, 22 L.Ed. 259.

forth in its answer and the amendment thereto. And by way of further answer it asserts that plaintiff's design patent is invalid because the design shown and described therein is wholly functional and utilitarian in purpose and not an artistic or ornamental design for an article of manufacture.

Plaintiff's Patent No. 2,598,265 for the construction of a goggle contains two claims. At the outset of the trial counsel for the plaintiff stated plaintiff did not contend that defendant had in any way infringed Claim 2. Plaintiff's testimony and contentions were limited to an alleged infringement of Claim 1. This claim reads as follows:

"1. A goggle comprising a lens section having a flat front surface with a recess at the middle of its lower edge to receive the nose and with rearwardly curved wings at either side of its flat front, said front and wings being a single piece of transparent material, and a visor section extending from the upper edge of its lens section rearwardly along and in contact with the upper edges of the wings at an acute angle to the lens section with its rear edge arched to receive the forehead of the user, said visor section having a rearward extension sufficient to position the flat portion of the lens section at an angle to a perpendicular to the line of vision, said visor section being opaque to shield against the transmission of light, one of said sections being provided with a molded lip to extend over the the other section and detachable fasening means securing the lip and other section together."

The "Savue" goggle has a relatively rigid, plastic lens, similar in shape to the lens section of plaintiff's goggle, but the curved sides of its lens are bent on a different axis to produce a more accurate and efficient wide-range vision. Defendant's lens is removably mounted in the lens groove of a relatively flexible, plastic frame which completely encloses the periphery of the lens and which affords a close-fitting cushion against the cheeks as well as forehead and nose of the user. The lens grooves are specially designed with a relatively wide bottom so that the lens is frictionally retained in the frame without any separate fastening device but may be readily removed and replaced by springing the flexible frame away from the lens to free its edges from the embracing groove.

The top portion of the frame of defendant's goggle extends rearwardly from the top of the lens to provide a visor portion having a curved, upwardly rolled edge to fit comfortably against the user's forehead; and the visor portion is ventilated by perforaticns or by screened ports, so that air will circulate through the openings from the spaces between the temple portions of the frame and the temples of the wearer to prevent fogging of the lens.

In the plaintiff's goggle the visor is a flat central portion which has its front edge closely shaped to fit along the lens section and is secured to the lens by two bolts having a head on the outer surface of the visor and a nut to bind the visor section to the lens section. Defendant's construction employs no bolts or nuts or other detachable means.

The question of whether or not there is infringement must be decided with reference to Claim 1 which for the purpose of this case measures the invention for it is in this claim that the plaintiff has set forth his own statement of what is his invention. White v. Dunbar, 119 U.S. 47, 7 S.Ct. 72, 30 L.Ed. 303.

One of the combination of elements set forth in Claim 1 is a "detachable fastening means" securing the visor and lens sections together. In the light of the specifications, column 2, lines 20–23, I am satisfied that the only means disclosed by the patent for securing these sections and for permitting the interchange of lenses was by bolts and nuts. Plaintiff's patent clearly provided for a fastening means which comprises detachable parts—the bolt and nut.

Defendant's goggle does not comprise as an element thereof any form of "detachable fastening means". Clearly defendant's flexible frame rim does not comprise detachable parts and is not detachable from both the lens and the visor as contemplated by plaintiff's disclosure and claim.

In a patent such as the plaintiff's every element is presumed to be material. The omission of any one element or ingredient is enough to avert a charge of infringement even if the omitted ingredient or element is not essential to the operation of the patented device. Prouty v. Draper, Ruggles & Co., 1842, 16 Pet. 336, 10 L.Ed. 985; Band-It Co. v. McAneny, 10 Cir., 1942, 131 F.2d 766; Anthony v. Sherman, 4 Cir., 1947, 159 F. 2d 995; Steigleider v. Eberhard Faber Pencil Co., D.C.Mass.1948, 81 F.Supp. 143, affirmed 1 Cir., 1949, 176 F.2d 604; Matarazzo v. Isabella, D.C.R.I.1956, 138 F.Supp. 86. Here it is clear that the detachable fastening means disclosed by plaintiff's claim is an essential element of his goggle.

Since the defendant employs no detachable fastening means for securing the visor and lens sections of its goggle, it cannot be said that the plaintiff has established any infringement of his patent. Finding, as I do, that defendant's goggle does not infringe plaintiff's patent No. 2,598,265, it is not necessary for me to inquire into its validity.

There remain the additional issues—is plaintiff's design patent No. 166,257 valid and if valid, is it infringed by defendant's goggle. In addition to the usual requirements of originality, novelty and invention, a design to be patentable must also be ornamental; and functional features or forms cannot be relied upon to support its patentability. Illinois Watch Case Co. v. Hingeco Mfg. Co., Inc., 1 Cir., 1936, 81 F.2d 41; Hueter v. Compco Corporation, 7 Cir., 1950, 179 F.2d 416; Tupper Corp. v. Tilton & Cook Co., D.C.Mass.1953, 113 F. Supp. 805, affirmed 1 Cir., 209 F.2d 954

on Judge Ford's opinion. In Tupper Corp. v. Tilton & Cook Co., supra, Judge Ford said at page 806 of 113 F.Supp.:

"The essential question is whether the particular combination of elements used by Tupper produced a new and ornamental design which showed invention over the prior art, S. Dresner & Co., Inc., v. Doppelt, 7 Cir., 120 F.2d 50, 51, and also one which was primarily ornamental, rather than a design dictated by functional and mechanical requirements of the subject matter. Hueter v. Compco Corp., 7 Cir., 179 F.2d 416, 417. * * *"

The general shape and configuration of the plaintiff's design is obviously one dictated by functional requirements. Considering all of the evidence, I am satisfied that the shape, size, and contour of the visor and lens section, the recess for the nose, the curved lens, the ventilation ports and holes, the molded lip overhanging the lens at the front of the visor, the loops for receiving the head strap, the acute angle between the lens and visor section, the heads of the detachable bolts and all of the essential features of plaintiff's design are functional rather than ornamental. Moreover, having in mind the prior art, much evidence of which was presented by the defendant and not cited by the examiner, I am of the opinion that plaintiff's design exhibited no more creative artistic ability than that of which a routine designer in this field would be capable and did not amount to invention. Accordingly I find that said design patent No. 166,257 is invalid because its essential features are dictated by functional requirements rather than by ornamental or decorative inventiveness and because it fails to show invention over the prior art. Since the patent is invalid there is no occasion for me to consider the issue of its infringement by defendant's goggle.

Judgment shall be entered for the defendant.