Jacob Markowitz, J.
Defendants move to dismiss the complaint on the ground of legal insufficiency.
The complaint contains 10 causes of action, which may be classified in 2 sets of 5 each, each set identical except for the style number of the dress concerned. Each set contains one *139 cause alleging defendants’ infringement of plaintiff’s common-law copyright in a certain dress purportedly originated by plaintiff, together with certain promotional material, art work, advertisements, etc., concerning that dress; one cause alleging defendants’ conversion of plaintiff’s property in the dress and the other items; one cause alleging unfair competition by defendants; and, finally, one seeking an order enjoining defendants’ similar actions in the future.
The dress designs concerned are based upon the development of a detachable extra skirt which could be affixed to, or removed from, the basic dress by means of a hidden zipper. The dress was marketed by plaintiff under the name of ‘1 Zip-Around ’ ’ and, allegedly, defendants copied the dress, the name, and the advertising for their own purposes. It is alleged that defendants Weiner and Fingar were employed by plaintiff when the dress design was developed, and subsequently, together with defendant Rosenthal, formed defendant Junior City, Inc., a corporation allegedly solely owned and controlled by the three individual defendants.
Defendants contend, as to the causes alleging infringement of plaintiff’s common-law copyright, that no design copyright exists at common law, and that these causes are therefore defective (Chas. D. Bridell Inc. v. Alglobe Trading Corp., 194 F. 2d 416; Alfred Bell Co. v. Catalda Fine Arts, 191 F. 2d 99, 104). It is also contended that no common-law copyright exists in the name “ Zip-Around ”. Defendants’ motion is addressed to the entire cause, and in these causes plaintiff alleges infringement not only of a common-law copyright in the name and dress design but also of the art work, advertisements, and other promotional material. While plaintiff, apparently, would have difficulty in sustaining its claim of infringement of a copyright in the dress design even if it had sought and obtained a statutory design patent, this does not mean that plaintiff could not succeed in its allegation of infringement of its rights in the art work, name and advertisements (see Blisscraft of Hollywood v. United Plastics Co., 189 F. Supp. 333, 338, affd. 294 F. 2d 694). The complaint does not contain, within the bounds of these two causes, allegations of such publication of these materials as would destroy the common-law copyright (see Dior v. Milton, 9 Misc 2d 425, affd. 2 A D 2d 878). Upon a motion, under rule 106 of the Rules of Civil Practice, only the complaint may be considered. These two causes are sufficient.
The third and fourth causes, which allege defendants ’ conversion of plaintiff’s property in the items concerned, are also sufficient, on their face. If plaintiff fails in sustaining the *140 first two causes, these, too, would fail. However, for the purpose of this motion, the court has held the first two causes sufficient.
The fifth and sixth causes are based upon a claim of unfair competition. While mere copying would, under the cases above cited, be an insufficient basis for this claim (see, e.g., Blisscraft of Hollywood v. United Plastics Co., supra; Hebrew Pub. Co. v. Scharfstein, 288 N. Y. 374; Mastro Plastics Corp. v. Emenee Ind., 16 A D 2d 420), the complaint alleges more than mere copying and selling. It alleges that the name 11 Zip-Around ” has acquired a secondary meaning in the trade, and that defendants’ use of that name has caused confusion in the mind of the public. In effect, a “ passing-off ” of defendants’ product as plaintiff’s is alleged. Thus the Mastro Plastics and Hebrew Pub. Co. cases are distinguishable, and these causes are sufficient (see Norwich Pharmacal Co. v. Sterling Drug, 271 F. 2d 569; Barton Candy Corp. v. Tell Chocolate Novelties Corp., 178 F. Supp. 577; Santa’s Workshop v. Sterling, 282 App. Div. 328).
Causes 7 and 8 seek an accounting of the profits allegedly reaped by defendants by virtue of their wrongful acts, and causes 9 and 10 seek an injunction prohibiting defendants’ similar actions in the future.
“ The controlling question in all cases where the equity power of the courts is invoked is whether the acts are fair or unfair, according to the principles recognized in equity ” (Oneida, Ltd. v. National Silver Co., 25 N. Y. S. 2d 271, 276). Here a passing-off is alleged with resulting damage to plaintiff and unjust enrichment to defendants. It is alleged that no reasonable care was exercised by defendants to distinguish their product from plaintiff’s (see Avon Periodicals v. Ziff-Davis Pub. Co., 27 Misc 2d 160, affd. 282 App. Div. 200; Pocket Books, v. Meyers, 292 N. Y. 58). These causes, as alleged, are also sufficient, particularly in view of the allegations that defendants acquired their knowledge of the designs by virtue of their former employment by plaintiff (see Flint v. Oleet Jewelry Mfg. Co., 133 F. Supp. 459; Restatement, Torts, §§ 741, 742; Varsity Sportswear v. Princess Fabrics Co., 174 Misc. 298; Dior v. Milton, 9 Misc 2d 425, affd. 2 A D 2d 878).
Defendants also move, pursuant to rule 103, to strike out the allegations of paragraph 11 of the complaint on the ground the allegations contained therein are conclusory. This paragraph contains the allegation that plaintiff’s designs, art work, etc., are protected by common-law copyright. This allegation is conclusory and is, further, indefinite concerning the particular *141 items protected. As alleged, no opportunity is afforded defendants to move on the ground that any one or more of the items allegedly protected is not capable of common-law copyright, protection. This portion of the motion is granted, with leave to plaintiff to serve an amended complaint, more specifically alleging the items concerned and protected, within 20 days after service of a copy of this order with notice of entry thereof.
Defendants also move, pursuant to rule 102, for an order requiring plaintiff to serve an amended complaint to make paragraphs 14 through 16 more definite and certain. These paragraphs contain the allegations of plaintiff’s development of the items concerned. The allegations contained in these paragraphs are not indefinite and uncertain, and defendants can, by bill of particulars, obtain knowledge of the particular dress designs, photographs, art work, and literary material concerned. Thus this portion of the motion is denied.