STEIGLEDER v. EBERHARD FABER PENCIL CO. et al.

Civ. No. 7025.

United States District Court
D. Massachusetts.

Nov. 19, 1948.

,Avery, Dooley, Post & ·Carroll, Herbert S. Avery and Charles E. Cunningham, all of Boston, Mass., for plaintiff.

Kenway, Jenney, Witter & Hildreth and Herbert P. Kenway, all of Boston, Mass., for defendants.

FORD, District Judge.

This is a patent infringement suit brought by Frank N. ˙Steigleder against Eberhard Faber Pencil Company, Jordan Marsh Company, William Filene's Sons Company, R. H. White Company, Thorp and Martin Company, and James R. Armington for an accounting for profits and damages and a preliminary and final injunction against further infringement by said defendants. The defendants move for summary judgment on the pleadings, deposition of the plaintiff, and admissions of fact made by the plaintiff, under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that as a matter of law they are entitled to judgment that they have not infringed the patent in suit.

The plaintiff alleges that several common types of ball point pen, manufactured by the defendant Eberhard Faber Pencil Company or by other manufacturers under agreements with the Eberhard Faber Pencil Company and sold at retail by the other defendants herein, infringe the claims of his Patent No. 1,875,184, dated August 30, 1932, for a Liquid Ink Eraser for Pocket Fountain Pens and Desk Set Fountain Pens. The patent contained three closely similar claims. Claim 1 may be taken for the purposes of this case as typical of all three and reads as follows: "1. An eraser of the type described in which a liquid eradicator is employed, a plug, a metal sleeve partly let in the outer end of the plug and having its outer end·portion beyond the end of the plug, said sleeve having its inner end provided with inwardly directed fingers and its outer end inwardly disposed to afford a valve seat, a ball valve for the seat, a spring in the sleeve and bearing at one end against the fingers and at its other end upon the valve to retard the turning movement thereof and exerting pressure between the fingers and the valve for seating the valve and said plug having a bore communicating with the inner end of the sleeve."

The patented invention was intended to operate as an ink eraser by serving as a device for spreading liquid ink eradicator on paper or a similar surface which had been written on. This ink eradicator was contained in a rubber sack from which it could flow into a hollow cylinder or sleeve. A ball valve was placed in the outer end of this sleeve, this outer end being crimped slightly inward to afford a valve seat, and the ball valve being held firmly seated therein by a spring placed inside the cylinder and exerting pressure between the ball and the inwardly directed fingers on which it bore at the other end of the sleeve. The outer surface of the ball projected beyond the end of the sleeve and when pressure was exerted thereon by pressing the device

against the paper, the spring was compressed, the ball valve unseated, and an opening thus provided through which the ink eradicator flowed out onto the ink to be erased. Other fluids could be used in place of the ink eradicator. Thus, as the patent application points out, ink could be used and the device could serve as a writing instrument.

The important characteristics of the pens which are alleged to infringe, so far as these concern the issue of infringement, are set forth in the statements of the plaintiff in his deposition. In regard to the allegedly infringing pens, he admitted that in none of them which he examined was there any spring (stenographic record of deposition, Q. 13, p. 3) nor any inwardly pointing finger at the end of the sleeve (Q. 24, p. 5); that in none of them was there any element placed behind the ball to retard the turning movement of the ball (Q. 18, p. 4) nor anything behind the ball to exert pressure on it (Q. 15, p. 4); that instead, the ball in these pens is kept in position by the shoulder or socket in which it is held so that it is not possible for the ball to be moved longitudinally along the body of the pen (Q. 16, 17, p. 4) and that its only possible movement is within the limits of the tolerance or clearance of about .001 or .002 of an inch between the ball and its socket (Q. 21, p. 5) which allows the ball to rotate freely in the socket and thus feed ink to the paper (Q. 22, p. 5). As is seen, there is in both the patented device and the allegedly infringing device a ball seated in the opening at the outer end of a sleeve or housing.

Plaintiff contends that the ball valve set forth in his claims is the essence of his invention, and that the pens made or sold by the defendants are infringements in that they substantially embody in their structure and operation the principle of his ball valve. Defendants contend, on the other hand, that there can be, as a matter of law, no infringement when it is admitted that their pens do not contain an important element of the patented device, e.g., the spring, and when from the admitted facts it appears that the ball which is the only important element common to both their pens and the patented device, cannot operate on the same principle in both devices.

The question of whether or not there is infringement must be decided with reference to the claims of the patent which "measure the invention" (Paper Bag Patent Case [Continental Paper Bag Co. v. Eastern Paper Bag Co.], 210 U.S. 405, 419, 28 S.Ct. 748, 751, 52 L.Ed. 1122), for it is in the claims that the inventor has set forth his own statement of what precisely his invention is. White v. Dunbar, 119 U.S. 47, 52, 7 S.Ct. 72, 30 L.Ed. 303. In a combination patent every element or ingredient is presumed to be material. The omission of any one ingredient set forth in the claim for a combination patent is enough to avert a charge of infringement, even if the omitted element was not essential to the operation of the patented device. Prouty et al v. Draper, Ruggles & Co. et al., 16 Pet. 336 341, 10 L.Ed. 985; Band-It Co. v. McAneny, 10 Cir., 131 F.2d 766, 767; Etten v. Kauffman, 3 Cir., 121 F.2d 137, 139. "A combination is an entirety. If one of its elements is omitted, the thing claimed disappears. Every part of the combination claimed is conclusively presumed to be material to the combination, and no evidence to the contrary is admissible in any case of alleged infringement." Walker on Patents, Deller's Ed. Vol. III, Sec. 461, p. 1697, and cases there cited. In this case, each of the claims of the patent plainly sets forth the spring and the inwardly turned fingers at the end of the sleeve to seat the spring as elements of his combination, and describes the function of the spring, bearing at one end on the ball and at the other end on the fingers, in the operation of the invention. These elements are admittedly not found in the pens made or sold by the defendants. Nor can the socket or shoulder which holds the ball in position in these accused pens be considered a mechanical equivalent of the spring, since it does not exert any pressure to keep the ball more snugly seated or retard its rotation when the pen is not in use, nor does it permit the the longitudinal movement of the ball under pressure exerted from the outside so as to create an opening for the flow of ink when the pen is in use. Though the shoulder in the accused pens may perform a small part of the function of the spring by holding

the ball in place, it does not perform the identical function of the spring in the plaintiff's device and hence is not an equivalent. Walker, supra, Secs. 466, 467, pp. 1703, 1704.

■ Moreover, there can be no infringement when the allegedly infringing device does not have substantially the same mode of operation as the patented device. To infringe it must do the same work in the same way. Walker, supra, Vol. III, Sec. 496, p. 1750; Aero Spark Plug Co., Inc., v. B. G. Corporation, 2 Cir., 130 F.2d 290; Grant v. Koppl, 9 Cir., 99 F.2d 106. From the admitted facts, it is evident that the pens made or sold by the defendants are built to operate on a substantially different principle from the plaintiff's patented device. In the latter device, the ball which the plaintiff claims is the essential part of his invention is made to operate as a valve, i.e., it moves longitudinally in the sleeve, being carried forward and firmly seated by the pressure of the spring so as to seal the opening in the end of the sleeve and shut off the flow of liquid while the device is not in use, and being capable of being pushed back into the cylinder when sufficient pressure is applied to the outer surface to overcome the pressure of the spring, thus providing an opening through which the liquid can flow while the device is in use. In the allegedly infringing devices, however, it is admitted that the ball is incapable of any movement except that of rotation in situ within the socket in which it is seated. It cannot be displaced so as to cut off the flow of the ink at one time, nor so as to enlarge the opening through which the ink is to flow at another time. The only opening for the feeding of the ink supply, the minute clearance between the ball and its socket, remains constantly the same size. There is no valve action, i.e., no opening, closing, or obstructing of the passageway for the liquid by any displacement of the ball. The allegedly infringing pens, from the patentee's own admissions, do not utilize the mode of operation found in the patented article, namely, the valve action of a ball held in place by a spring, but must depend on other mechanical principles for control of the feeding of the ink supply.

■■ A motion for summary judgment is properly granted in a patent case as in other cases in which there is no genuine and triable issue of fact. Rubinstein v. Silex Co., D.C., 73 F. Supp. 336. And here, from comparison of the characteristics of the patented device, as set forth in the patent claims, and the corresponding characteristics of the accused devices as they appear from the plaintiff's admissions in his deposition, it is possible to understand without extrinsic expert evidence the nature of the patented invention, and to determine that the alleged infringing devices do not contain all the elements set forth in the patented claim, nor mechanical equivalents thereof, and that the elements which both have in common produce their results by different modes of operation. In such a case, the question of infringement is one of law (Young v. Ralston-Purina Co., 8 Cir., 88 F.2d 97) which can properly be decided in a motion for summary judgment.

Defendants' motion for summary judgment is granted.