**George H. MAGRATH, Plaintiff, Appellant,**

v.

**DRAPER CORPORATION, Defendant, Appellee.**

No. 6950.

United States Court of Appeals First Circuit.

Heard Oct. 4, 1967.

Decided Nov. 7, 1967.

Norman S. Blodgett, Worcester, Mass., for appellant.

James C. McConnon, Philadelphia, Pa., with whom James W. Noonan, Boston, Mass., Henry N. Paul, Jr., Philadelphia, Pa., Herrick, Smith, Donald, Farley & Ketchum, Boston, Mass., and Paul & Paul, Philadelphia, Pa., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is an action for patent infringement. The plaintiff Magrath, who owns prior patents in the textile spinning field, on June 11, 1956 applied for a patent for a top-drive spindle. In October 1959 he filed a second application in which he abandoned the first. Patent No. 2,938,676 was issued to him on May 31, 1960. The defendant Draper Corporation is continuing a textile equipment business begun long before 1877, at which date Patent No. 188,784, hereinafter the Draper patent, was obtained upon a bobbin. It would be more accurate to say that both patents were for spindle-bobbin combinations, for spindle and bobbin must be designed to fit each other. In the district court defendant successfully asserted invalidity and noninfringement of plaintiff's patent. 267 F.Supp. 285. Plaintiff appeals. For a better understanding of his patent we will consider infringement first.

The usual spinning spindle is a long metal rod, either tapered or cylindrical. The bobbin, which fits down over it, is normally made of wood. It must be easily removed, or "doffed," necessitating a somewhat loose fit which, in turn, as the Draper patent pointed out, may lead to vibration, or off-centering, when revolving at high speeds. Draper taught that this vibration could be controlled by driving the bobbin from the top, with a single connection to the spindle so that it could swing free and find its own point of equilibrium. Draper's connection was a ball and socket joint. Plaintiff achieved a much simpler connection, in what is termed "line" contact. He, in substance, placed a bobbin

having a cylindrical bore with a shoulder near its top upon a tapered spindle, or, alternatively, a bobbin having a taper upon a cylindrical spindle. It is true, as the district court pointed out, that the patent expressly referred to the two contacting elements as members separate from (but attached to) the bobbin and spindle. It is also true that the patent referred, in part to mechanical connections between the members, such as interlocking slots or rods. Because defendant's accused device does not have separate members the court held that there was no infringement.

Plaintiff complains that the court too narrowly construed his patent. We agree. We believe it erred in holding that a "separate driving mechanism is * * * an essential element of the patented device." In the first place, so far as driving was concerned, although defendant seeks to persuade us otherwise, the patent expressly recognized the alternative of mere frictional connection as distinguished from a positive driving device. More fundamentally, it seems to us that the thrust of the patent related to the line contact of shapes, and that this would be produced whether the bobbin and spindle were each composed of two parts united together, or were single integral units.

"It is settled law, and it is good sense, that one does not escape infringement by combining into one element what a claim specifies as two, provided that the single element performs the function of both in the same way." Gibbs v. Triumph Trap Co., 2 Cir., 1928, 26 F.2d 312, 314, cert. denied 278 U.S. 617, 49 S.Ct. 21, 73 L. Ed. 540.

The district court's quotation from Steigleder v. Eberhard Faber Pencil Co., D.Mass., 1948, 81 F.Supp. 143, 145, that the "omission of any one ingredient * * * is enough to avert a charge of infringement, even if the omitted element was not essential to the operation of the patented device", was either inappropriate because there was

no real omission within the foregoing principle, or it was inaccurate.[1] If unification or combination be regarded as omitting something, it is not enough to omit an element when the omission "is attended by a corresponding omission of the function performed by that element * * * if the elements retained performed the same function as before." Richards v. Chase Elevator Co., 1895, 158 U.S. 299, 15 S.Ct. 831, 39 L.Ed. 991, 159 U.S. 477, 486, 16 S.Ct. 53, 54, 40 L.Ed. 225; see Shu-Conditioner, Inc. v. Bixby Box Toe Co., 1 Cir., 1961, 294 F.2d 819. Eliminating the mechanisms as separate members at most impaired the usefulness or efficiency of the disclosed device, while retaining the function.

■ Providing separate mechanisms served two possible purposes. The first, as was twice stated in the patent, was to permit the "centering and driving means * * * [to] be applied to old constructions as well as to new equipment." "[T]he centering and driving members may be applied to used bobbins and spindles as well as to new equipment." Defendant could not avoid infringement simply by making an integral product which sacrificed this advantage. Correspondingly, defendant's emphasis on the fact that the patent stated that the contacting members could be made of metal, and thus reduce wear, not only attempts to blind the court to the fact that claim 1, unlike other claims not involved, does not specify metal members, but seeks to avoid the well established principle that the mere substitution of materials does not normally prevent infringement. E. g., Griffith Rubber Mills v. Hoffar, 9 Cir., 1963, 313 F.2d 1; cf. Lincoln Stores, Inc. v. Nashua Mfg. Co., 1 Cir., 1946, 157 F.2d 154, cert. denied 329 U.S. 811, 67 S.Ct. 623, 91 L.Ed. 692. It can hardly be thought that the nub of plaintiff's invention was that he provided metal as distinguished from wooden contact for the bobbin.[2]

■ Defendant's claim of noninfringement, based upon its narrow interpretation of the patent, is without support. At the same time, the broadening of the patent, a necessity for plaintiff to prevail on the issue of infringement, correspondingly increased its exposure from the standpoint of invalidity. The court found that if it should be broadly construed it was anticipated by the 1877 Draper patent in the light of a later patent, No. 340,093, issued to Chapman in 1886, and of other manifestations of the prior art. Draper having, concededly, taught the function, the court found that Chapman demonstrated the improved means which obviated the disadvantages of the ball and socket joint. It is true that Chapman showed a cylindrical spindle and a tapering bore within the bobbin effecting a line contact. However, Chapman was a bottom-driven bobbin, and the taper did not afford vertical support. Even if it was reasonably obvious that modification of the taper would furnish such support, Chapman did not teach that such loose contact would permit the balanced swing taught by Draper and at the same time provide drive.

However, to the extent that there be reservations as to the cumulative effect of these teachings, we consider them dissipated by Belanger, Patent No. 768,726, issued in 1904. Belanger, which was top-driven, provided a single contact bobbin by, preferably, imposing a shoulder on the bobbin upon a shoulder on the spindle. But, additionally, the

---

1. *Steigleder* was affirmed in a per curiam opinion, 176 F.2d 604, cert. denied 338 U.S. 893, 70 S.Ct. 244, 94 L.Ed. 548, but we believe the final sentence qualified the principle announced by the district court.

2. Nor would we believe that mechanical driving means, an every-day concept, were in themselves of an order of invention. The invention, if there was one, was of top-drive line contact. Comparison of the second application with the earlier one, which was rejected in toto, makes this quite apparent.

patent recited that "where the upper end of the spindle is tapered and is not provided with [a] * * * shoulder * * * the internal shoulder * * * on the bobbin may engage the tapering surface on the spindle. * * * I have found that a bobbin constructed in this manner soon centers itself in rotation * * *." But little reflection discloses that this, in substance, is the same cylindrical bore, tapered spindle combination embodied in plaintiff's patent, performing the identical function. It is necessary to go no further to agree with the court's conclusion that the enlargement of plaintiff's claim brings it into fatal contact with the prior art.

The court's additional reasons for finding invalidity need not be considered. The judgment is affirmed on the ground that the patent is invalid.