"This case is before us on petition and motion to dismiss. The plaintiff alleges that the United States letters patent No. 2,938,676 were awarded to plaintiff for an improvement in textile machinery. Draper Corporation, apparently a private corporation in the textile business, has infringed the patent. The plaintiff sued Draper in the United States District Court, District of Massachusetts, which, as plaintiff says, wrongly held that the patent was invalid. 267 F.Supp. 285 (1967). On appeal, the First Circuit arrived at the same, conclusion. 384 F.2d 672 (1967). The plaintiffs then counsel declined to petition the Supreme Court for certiorari, alleging that it was not the kind of case that Court usually took. The motion to dismiss of course relies on lack of jurisdiction in this court. To refute this, plaintiff through his new counsel asserts that he relies on his first amendment right to petition for redress of grievances.
"Assuming, arguendo, that this petition is filed in good faith and is not frivolous in its intent and purpose, the short answer to it is that the first amendment freedom to *831 petition may get plaintiff temporarily inside the court house door, but does not keep him there. It does not guarantee in any court the ultimate adjudication of a claim over which that court finds it does not have jurisdiction. Our jurisdiction of patent claims is spelled out in 28 U.S.C. § 1498 and does not include purely private infringements not involving use of the invention by the Government or in production for the Government. The only Federal involvement in this controversy is apparently that of the two Federal courts above-mentioned in making the decisions they did. If they erred, that mere fact does not generate a new cause of action; on the contrary, the supposed error is made incontestable verity by force of collateral estoppel in absence of unusual circumstances not here alleged. Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971). So far as plaintiff articulates any theory at all to justify remaining here, it is that an erroneous court decision, detrimental or destructive to the value of property, constitutes a taking of that property, compensable under the fifth amendment. No authority can be cited under the law of eminent domain to support any such theory. It would establish this court as a National Court of Appeals, making proposed legislation to that end unnecessary, but Congress in granting or withholding consent to suit, as its constitutional right is, has not'so far displayed the great and beautiful confidence in this court that such a setup would require. Accordingly, we deem it prudent, at least for the present, to leave this drastic innovation for future judges to contemplate, and to leave the existing order of things undisturbed in our time.
"Defendant also makes the routine assertion that the action lies in tort, and plaintiff indignantly denies this. Indeed, the action does not lie in tort according to any tort law with which we are acquainted.
"Accordingly, on the petition, the motion to dismiss, and the briefs and representations of the parties, but without oral argument, the motion to dismiss is granted and the petition is dismissed.”